Judge Fletcher, I'd like to reserve five minutes for a rebuttal. Okay, keep your eye on the clock. We'll try to help, but the clock counts now. Yes, sir. Thank you. May it please the panel, please the court, Mr. Carvin. We appreciate the opportunity to correct what happened. This is a case where, simply stated, the jury instructions misstated California law. It affected profoundly the one question answered by the jury. The defense efforts to try and read into it, some alchemy other than the words that their instruction put to the jury say should be rejected. And I think there's case law that is not in our briefs that would be of use. I have no doubt the court is well aware of the circuit law on jury instruction error and how this works. But I would like to cite the court to the Dang v. Cross case found at 422 F. Third 800. In particular, Dang sets forth basically the standard of review. We believe it's a de novo review here because the instructions misstated the law. This is not about a formulation issue. It just is a flat misstatement of the law. And it's a big deal that law be stated correctly. And that's what we're missing here. Importantly, Dang talks about the presumption of prejudice in a civil trial requiring reversal unless there's a demonstration after a burden shift to R.J. Reynolds and Philip Morris that the error is more probably than not harmless. So what was wrong with the instruction given and what should have been the instruction? Thank you, Judge Fletcher. What was wrong with it was it gave the optional second bracketed sentence in Casey 430, which interjected a but for causal standard. It's cited in our brief and that bracketed optional portion says conduct is not a substantial factor in causing harm if the same harm would have occurred without the conduct but for. And the major decision, which we stayed the present matter, the posh matter now minutes until it came out and review was denied by the California Supreme Court that in cases such as this, when you have concurrent independent causation issues, it is critical that the jury not be instructed on but for it has no application and ends in the wrong result. Let me ask you this. You are going for is the concurrence of two different brands of cigarettes. Is that correct? Not not not only that, your honor. No, it's multiple brands, multiple manufacturers, multiple etiology influences. Now that last one I'm not sure I get yet, but let me stick for a moment with multiple brands, multiple cigarettes and so on. Now, so that is basically it's a single cause that is smoking, correct? No. Cigarettes are comprised themselves of many carcinogens, some of which are affected by using a filtered cigarette or an unfiltered cigarette. There's a potency issue, so it's not all the same. And that's something that's litigated here, depending upon brands. There's also other carcinogens that can be found in cigarettes, including the kents, that at some point she smoked. They interject cruxidilide asbestos in the filters if it's the right years. So your honor, as I understand, opposing counsel's argument that Reynolds at least argued only that any lung cancer that push, is that how you pronounce your name? Nikki pronounced it posh. Thank you. Had, didn't cause the cancer. They didn't say it was smoking. Philip Morris caused the cancer, not smoking Reynolds cigarettes. They just said the lung cancer wasn't caused by smoking. That's how I understand opposing counsel's argument. That was Reynolds argument at trial. Is that incorrect? That's not their only argument. That was part of their defense. And Ms. Yates in her closing, if you read her closing, you'll see she very much drilled down on no substantial factor. They, she called it a sporadic use of Philip Morris cigarettes, et cetera. Intermittent use. But was she the Reynolds counsel? Was Ms. Yates, was she the counsel for Reynolds? No, she was co-counsel representing Philip Morris. So was Reynolds argument at trial? Because that's what, as I understand, the opposing counsel says was, did Reynolds argue that her cigarettes or other factors cause the cancer, not just Reynolds cigarettes? They are intertwined and presented a uniform defense. But to the extent you're focusing on that as an aspect of their defense, they as prevailing party are not entitled to have those kinds of assumptions assumed in their favor and resolved in their favor, because the jury's verdict may have resulted from a misapprehension of the law, which occurred here. Could I just get back to my question? Because it's, I'm sure your familiarity with the whole trial transcript is greater than mine. And I'm wondering whether Reynolds is correct in saying that it argued that cigarette smoking didn't cause Push's lung cancer and didn't argue other causes. If you look at Mr. Geis, his closing, you'll see that he argued in addition to that very much, the plaintiff must prove that smoking the defendant's cigarettes was more likely than not a substantial factor in causing her lung cancer. That's what the first question on the verdict form asked the jury. It did not ask the jury, does she have a smoking caused lung cancer? Is there any other place in the trial where Reynolds counsel raised an argument that the cause of the cigarette? Well, Your Honor, they don't do it that overtly. It's subtle. But let me cite the court to the appropriate. And whoever's making noise, it's very difficult to hear. Maybe that's Mr. Carbon. I'm not there's a noise. I apologize there. If you could look at the case law in Caballero versus Concord, another Ninth Circuit case found at 956 F. Second 204, particularly at 206 and 207. That type of endeavor, Your Honor, is not something they're entitled to get into when there is an instructional error as obtained here. Categorically, but for was instructed, it was objected to. It's a misstatement of California law, and they don't get the benefit. They have to prove to you more probably than not that it was somehow going to end up in the same verdict. And they don't prove that in their briefing on any citation to anything. And I could just read the court's detours described on the evolution of causation instructions in California. Just one second, counsel, if you will. Judge Fletcher, I'm getting that same disturbing at this end. Could we get to the bottom of it, please? Carbon, is your microphone muted? I just unmuted it to tell you that I am muted. Okay, so I'm not sure who's shuffling the papers. I don't either. Mr. Carbon, you're fine. Okay. There are two points in major that I'd like to quote because they're very important. It says here, substantial factor leads to the correct but for does not. It goes on to say the but for test simply does not govern when it would exclude a substantial cause merely due to the fact that other causes acting together are alone sufficient to cause the harm. It is impossible to discern what the jury found other than they determined there wasn't a substantial factor specific to the defendant's cigarettes and the instructions they were told by the judge multiple times they must follow. So in major, if I understand correctly, there were three different causes, three different asbestos manufacturers. And the question was, if any two of them together could be a cause, is that enough or just a single one have to be a cause? What other causes did Reynolds argue? Were there other causes? I'm still coming back to this same question to understand how major is applicable. There were other contributing sources of carcinogens, lung carcinogens, from cigarettes she used, not manufactured by these defendants. The judge got it right at the beginning. I'll cite you to the EOR 2301. She says Nikki Posh has lung cancer. She claims was caused in part by the defendant's cigarettes. Later, three times before given the case to the jury, when instructing the jury, the judge misstates the claim that Nikki Posh claims that her cancer was caused by smoking defendant's cigarettes. That's not a correct statement. You couple that with instruction of but four and you get the answers you got to the one question they responded to. That's at EOR 5071, 5084 and 5085. The judge repeatedly misstated the nature of Mrs. Posh's claims. And so the fact of the matter is the error in instruction was should have gone given. That's what the law in California demands. Do not give the second sentence of KC 430. It interjects but four and the case law in California is without exception. That's now the case. That's the Lopez case. We cite 41 Calab 5679 that says the but for test is inappropriate in cases when two forces are actively operating and each is sufficient to bring about the harm. Which and what is the other force then that you're arguing was independently sufficient? The genetic profile of Nikki Posh. Her circumstances that made her susceptible to carcinogens that result in clinical cancer. That's an ideology genetic etiology force. The person who's consuming the carcinogens is always a component part and that gets into the other issue about why we were precluded from showing that look, she developed a non cancerous response. Which if you look at that is a determination of a risk factor that smoking was involved in her particular lung cancer. Dialectically opposed to the evidence the defendants wanted to present. I see that my clock is down to 240. I best stop so I have some time to respond with my apologies. No apology necessary. Mr. Carbon. Uh, good afternoon. Your honor is Michael Carvin for Reynolds and also for Philip Morris. Uh, before and after major, it's quite clear in California that this but for sentence in 4 30 is clearly required, except in the narrow circumstances that Mr Purcell correctly identify where the argument is that two tortfeasors did something where each of them cause the harm because the theory is obviously if one tortfeasor has done enough to cause the harm, he shouldn't be let off the hook because somebody else did something as well. But it's only in those circumstances that the but for instruction is not given. Major did not change that law. It reaffirmed that but for causation under Viner, California, and it's only in this concurrent independent cause scenario where it's not given. Well, that's not this case that has no application here. There was no argument about who cigarettes cause the cancer. It was simply whether cigarettes at large cause the cancer. Mr Purcell's quote that he gave you a minute ago was whether defendant cigarettes cause the cancer. They lumped Reynolds and Philip Morris together. There was no argument that yes, Reynolds would have caused the cancer, but so would have Philip Morrises. I thought Philip Morris argued that or at least opposing counsel. It's there was so few of in cigarette smoke that it couldn't have been a cause. Is that wrong? No, no, that's entirely right. My point is that Reynolds never for just that reason, because Philip Morris's brands were so sporadically smoked. Reynolds was saying if cigarettes cause the cancer was our cigarettes. We never pointed at Philip Morris and said their cigarettes could have caused it, which is precisely why the judge had to give the but for causation. If the jury had thought that if you look at the instruction without the but for it simply says, did they contribute in some non trivial way? Well, there's no way that Philip Morris's limited cigarette smoke caused the cancer. So without the but for instruction, the jury might erroneously have said, well, it's slightly more than trivial, but we're nonetheless going to hold Philip Morris responsible. Even though there was no allegation in the case was not tried on the theory that Philip Morris's cigarettes could have been the but for cause. The entire theory was that Reynolds cigarettes. And if you want to lump in Philip Morris's cigarettes were the but for cause of her cancer. And the jury said no. In verdict number one, it wasn't cigarettes. It was her predisposition. Mr. Major applied all of that law. But as Judge Acuda pointed out earlier, it said, look, it's a little weird if you got three tortfeasors instead of two. And in those circumstances, we're going to ask whether two of them combined were the sufficient but for cause. But it applied the same rule. Well, Major doesn't apply here because there was only two defendants in front of the jury. Mr. Purcell quite misleadingly keeps saying there was some issue as to other manufacturers cigarettes. Well, number one, of course, the only two defendants in front of the jury were R.J.R. and Philip Morris. Number two, there was a motion in Lemonade which excluded all reference to any other brands that he might have casually smoked at a trivial time. So the case was tried. Who filed that motion in Lemonade? Philip Morris. To avoid precisely this argument, to make it clear, we're not talking about infinitesimal cause by these other manufacturers. We want to make it clear up or down is the issue. Did cigarette smoking cause the cancer as opposed to which was the case in Major? The three manufacturers sort of pointed at each other and saying, well, ours weren't enough, but theirs were. And that's the only circumstance in which Major said, don't give the but for causation thing where there's independent, where each one of them could have done it. And that was not the issue here. The example from the restatement is one tortfeasor does a fire that could burn the house down and another tortfeasor does a fire that could burn the house down. Well, this case was one tortfeasor allegedly had enough of a fire, a fire, us. The other ones fire never even reached the property. So there was never any issue in front of the jury as to whether or not Philip Morris's cigarettes caused it or Reynolds cigarettes caused it. We lumped them both together and the defense was and the only issue in the case was whether or not cigarettes caused it. So Major's three tortfeasor scenario doesn't apply. And the logic of it does not apply. Indeed, how much argument was there during the course of the trial that smoking cannot be aggregated in that way? I mean, I just heard the argument right now that different cigarettes have different characteristics on the question of does smoking or did smoking. It has to be did this cigarette cause the smoking or did that cigarette cause the smoking because they have different attributes? How much is it forward to trial? None. Absolutely no arguments about Philip Morris as these kind of carcinogens and and Reynolds has these and therefore you can that lung cancer is always caused. Just read the briefs. Read our briefs. Read their briefs. Lung cancer is always caused by cigarettes. And it's disingenuous for us to suggest she had some genetic predisposition to do it. And and that was the issue, whether it was a genetic predisposition where she would have gotten the lung cancer anyway, or whether it was smoking defendants lumped together cigarettes that caused it. That this is all made up on appeal. This notion that there was some kind of distinction between the brands, either by the defense or by the plaintiffs. And again, I want to emphasize that's why the judge was not only within his discretion to give the but for argument. He had to give it because otherwise the jury could have falsely found that Philip Morris was a substantial factor because it was slightly above trivial. That's the word that's used in 430. And I don't know, maybe they were 5% liable, but but clearly they there weren't. He never smoked enough of their cigarettes. She never smoked enough of their cigarettes to cause the lung cancer. So under but for causation law in California, they should have never been held liable. If you don't instruct them on that, then they could have falsely held Philip Morris liable for an essentially de minimis contribution to cigarettes, which is why the case was never tried that way. Mr. Purcell also threw out at the end, the notion that 435, which is you'll see in the briefs, the instruction that's called for asbestos cases only, you can give this instruction. And the reason the plaintiffs wanted that qualities of asbestos, if you find that one asbestos exposure contributed to increase the risk of cancer, then you can hold the defendant liable. Well, obviously, increasing the risk of some disease is not causing that disease. It's only if the risk eventuates. So if the jury had that instruction, they might have said quite reasonably, well, all cigarette smoking increases the risk of cancer. So just because she smoked three packs of Philip Morris, then they should be held liable as well. But again, the law in California and major couldn't have been clear on this point is increasing the risk doesn't hold you liable, you need to cause some harm, you need to a lung cancer that the plaintiff wouldn't have had anyway, not increasing her risk. And that's entirely why it's inappropriate. In addition to the fact, of course, that no court in California has ever given the asbestos 435 instruction in a cigarette case. So this plaintiff wants a federal court sitting in diversity jurisdiction to give an instruction that no California court has given, and thereby change causation law in California. Well, that's a council. I don't want to change your train of thought here. But are there any cases under Ninth Circuit or under California law that suggest that a genetic predisposition on the part of a plaintiff can equal a concurrent causation? No, that that of course, is the central logical flaw in plaintiff's argument. The question is whether or not cigarettes caused it or nature caused it. God's caused it. And the other question I have is this suggestion that the I think he used the term different etiology as the cause of the cancer in this case, had been argued to the jury. Is that correct? Because our my record review showed or demonstrated no evidence that a different cause ideology other than cigarette smoking had been the cause of the am I wrong about that? No, you're entirely right. Again, this was not a complicated case. Did cigarettes cause the cancer? Or did her genetic predisposition cause the cancer? That's what all the expert testimony all the cross examination was about. Now he's arguing today that a genetic predisposition is somehow analogous to the third tortfeasor in major. But of course, that makes no sense. The question under but for causation is, would she have had the disease cancer but for cigarettes? And if she had a genetic predisposition, she would have had it anyway. So having a genetic predisposition is not an exception to the but for rule. It is the but for rule. Would she have developed the cancer in the act if she'd never smoked? She have developed the cancer. And if she had a genetic predisposition, then she would have. That can't be I mean, to belabor the obvious. We're not liable for anything that her genes predisposed her towards. We're liable for selling her cigarettes. And if those cigarettes didn't cause the harm, then she would have gotten it anyway. And under California law, we are not liable. And I need to return to the basic point is that the plaintiffs keep trying to pretend that there was some issue here saying that, well, Philip Morris's cigarettes might have independently caused it and Reynolds might have independently caused it. That's not the way the case was tried. The judge was there. He knew the issue was not whose cigarettes caused the cancer, but whether or not cigarettes cause cancer. If he had left out the but for causation point, you keep referring to the judge as he. I apologize. I didn't realize that my mistake. So you're entirely correct. She understood exactly that that if she had given this instruction, it would have created the real potential for Philip Morris to be wrongly found liable, even though there was nothing that they did relative to the plaintiff that would have caused lung cancer that she wouldn't have gotten anyway, because the jury could have wrongly found, as I said, under 435, that they had increased the risk of smoking, even though they had no tangible effect on the plaintiff, or that they made more than a non trivial contribution to Reynolds sale of cigarettes, in which case they would have been held liable. So all of that would have been a grave injustice. And I can say this because I represent Reynolds to fill up more push the envelope. We never suggested that they were equally at fault or that their cigarettes were a contributing factor equivalent to ours, because the undisputed evidence was that she had smoked our brand, spoke to our brands for at least 30 years. And, and the very sporadic reference to one or two Philip Morris brands, and that's all it was about. So I think this is a very straightforward application of California law. Again, there's no court in California that has ever forbidden the but for causation sentence in 430 jury instructions, except in a situation where one tortfeasor did enough to cause the harm. And the other tortfeasor also did enough to cause the harm. California courts are instructed to give this last sentence absent that unusual situation, which is not present here. Unless your honors have additional questions. Thank you. Yes, thank you very much. First of all, the asbestos cases reference is incorrect. Mr. Carvin is not at the trial and doesn't know what was going on. And let me cite the court to the distinctions that were present here. Please read Mrs. Yates closing at page 2563. She says, let's start at the bottom of the chart. And let me start with Marlboro lights and merit ultra lights. She goes on to describe who's a primary brand and who's not a primary band brand. She talks about vantage ultra lights. These have different potencies. These are cigarettes that present different cancer risks to someone based on how many carcinogens you get from using them. She goes on in great detail to then after citing substantial factor at page 2574. She says, plaintiff simply cannot possibly prove that smoking and undefined irregular sporadic number of Philip Morris cigarettes during the relevant time period was a substantial factor. That is not but for that is two tort feasors. Question one of the verdict form didn't lump them together. It's fiction what they're arguing up or down. Why not just ask, did Nikki Posh have a smoking induced lung cancer? Yes or no. And not break it down between Reynolds and Philip Morris. No, there were separate determinations by the jury by each of those two tort feasors because they are concurrent tort feasors based on the wide range of brands that the decedent used here. This is not some new theory. We were there. We know what the case was. And let's be clear, the defendant doesn't define what our case is. If I can interrupt just a moment, it sounds as though you're telling me that it was the defendant who was arguing that the cigarettes had different characteristics rather than the reality. It's what the doctors talk about. And the defendants don't get to cast our claim incorrectly to then give an instruction that's not applicable. And it couldn't be more clear that 435 is the correct instruction. That's one of the major court. Please read this opinion says there is no reason that Rutherford, which is Casey 435, would apply in cases of asbestos exposure and multiple toxic substance exposure, but not exposure to carcinogens in cigarettes. If we need to go to the night, the certified court, it wouldn't be the first time in this case to make that very clear. There's no reason that you wouldn't use 435 in such a case, and it should have been given. And it was not. We just couldn't disagree more with what was said. You're over time, so if you would like to sum up, please. This is a case of jury instructional misinstruction, incorrect statement of the law. It's why we stipulated to stay the posh mince matter until major came down. Let's be guided by major. It's the law in California, but four has no application here. It leads to an erroneous result. Jurors are infected with misinformation about smoking, and that's why it's even more important that their instruction be clear that it's not but for she smoked a lot of brands. The defendants are not responsible for a jury could conclude if you smoke cigarettes, you're going to get lung cancer. Well, it's not just Philip Morrison Reynolds. There's other brands. What is American tobacco? I think that's why that's why thank both sides for their arguments. The case of men's versus Morris at all submitted for decision. Thank both sides. Thank you. Your honors. Thank you.
judges: Lucero, W. Fletcher, Ikuta